# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MATTHEW STEVENSON,

        Plaintiff,

vs.                                                      Case No. 5:11-cv-496-Oc-37PRL

SECOND CHANCE JAI ALAI, LLC,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Partial Motion for Summary Judgment and Memorandum in Support (Doc. 25), filed July 27, 2012; and

2. Defendant's Response in Opposition to Plaintiff's Partial Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 30), filed August 22, 2012.

Upon consideration, the Court hereby denies Plaintiff's Motion.

## BACKGROUND

Plaintiff was employed with Defendant from May 2008 through February 2011. (Doc. 25, p. 1.) Defendant's practice was to have employees clock in and out using a swipe card. (*Id.* at 2.) At some point between late 2010 and early 2011, Plaintiff either lost his swipe card or it broke. (*Id.*; Doc. 30-2, ¶ 6.)

Plaintiff contends that this forced him to manually write down his hours while he asked for a new card or his employee number to input into the clock. (Doc. 25, p. 2.) Defendant contends that it gave Plaintiff his employee number, but Plaintiff refused to

use it to clock in properly. (Doc. 30-2, ¶ 9.) Plaintiff asserts that his paychecks were being shorted and that he complained to his superiors that he was not being paid for all hours worked, whereas Defendant asserts that it never shorted Plaintiff's pay and that it never received any complaints from Plaintiff. (Doc. 25, p. 3; Doc. 30-2, ¶¶ 13, 15.)

Defendant terminated Plaintiff in late February 2011, for reasons in dispute. (Doc. 25, p. 3; Doc. 30-2, ¶ 17.) Plaintiff filed this Fair Labor Standards Act (FLSA) retaliatory firing suit in August 2011. (Doc. 2.) Plaintiff moved for partial summary judgment as to all issues except for damages and all of Defendant's affirmative defenses; Defendant opposed. (Docs. 25, 30.) This matter is now ripe for the Court's adjudication.

## STANDARDS

A plaintiff alleging retaliatory firing under the FLSA must show: (1) protected activity, (2) adverse employment action, and (3) a causal link between the two. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate only where "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must therefore decide whether the record evinces "sufficient disagreement to require submission to a jury." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citation and internal quotation marks omitted).

## DISCUSSION

Upon a review of the record, the Court has determined that genuine issues of material fact exist—including, *inter alia*, the core factual disputes described above regarding Plaintiff's allegedly protected activity and the allegedly related termination. Thus, summary judgment is inappropriate as to any of the issues in this case.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Partial Motion for Summary Judgment and Memorandum in Support (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Chambers in Ocala, Florida, on October 2, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record